FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   SEP 30 2015   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAUL GRUBER,

          Petitioner,

   -against-

SUPERINTENDENT CONNELLY,

          Respondent.
------------------------------------------------------------X
FEUERSTEIN, J.

**MEMORANDUM AND ORDER**
12-CV-4429 (SJF)

In 2008, Paul Gruber ("Gruber" or "petitioner") confessed, and pleaded guilty in New York state court to a violent home invasion. He served a six (6)-year term of imprisonment. He now moves *pro se* for a writ of habeas corpus under 28 U.S.C. § 2254, asserting ineffective assistance of counsel, error in the trial court's acceptance of his guilty plea, and violation of his Double Jeopardy rights. For the following reasons, the petition is DENIED.

### I. BACKGROUND

On January 18, 2008, Gruber and Cosmo Andreoli, Jr., forcibly entered Kenneth Harding's home, and stole approximately $40,000 from him. Resp't's Aff. ¶ 5, [Docket No. 11]. The two repeatedly punched Harding, threatened his life, struck him in the head with what appeared to be a gun, and bound his hands, ankles, and mouth with duct tape. *Id.* ¶ 5. They signed written confessions after waiving their constitutional rights. Resp't's Aff. ¶ 6; Ex. 1, Andreoli's Confession; Gruber's Confession, [Docket No. 11-1].

The indictment charged two counts of first-degree burglary, NEW YORK PENAL LAW (NYPL) §§ 140.30[2], 140.30[4]; first-degree robbery, NYPL § 160.15[4]; second-degree robbery, NYPL § 160.10[1]; second-degree burglary, NYPL § 140.25[2]; second-degree

kidnapping, NYPL § 135.20; second-degree unlawful imprisonment, NYPL § 135.05; and third-degree robbery, NYPL§ 160.05. Resp't's Aff. ¶ 7.

On September 12, 2008, Gruber appeared with counsel, and pleaded guilty to all eight (8) counts. Resp't's Aff. ¶ 8. As part of a negotiated plea agreement, Gruber waived his right to appeal. Resp't's Aff. ¶ 9; Plea Transcript (Plea Tr.) 4:4-9, 14:16-18. He testified under oath that he did so knowingly, voluntarily, and freely, and after having discussed the plea with counsel. Resp't's Aff. ¶ 9; Plea Tr. 7:15-8:11. He further affirmed that he discussed the facts of the case with counsel, that he was satisfied with counsel's representation, and that he understood everything that had occurred in the proceedings. Plea Tr. 5:1-3, 6:4-7, 5:17-19. The court advised Gruber of his rights, including his right to a trial by jury with the assistance of counsel, to remain silent, to cross-examine and confront witnesses, and to call witnesses on his own behalf. *Id.* 6:11-14; 6:15-21. Gruber affirmed that he understood these rights, and that by pleading guilty, he waived any defenses to the charges. *Id.* 7:11-14. Following his allocution, the court found a factual basis for the guilty plea, and accepted it. *Id.* 12:11 to 15-6.

At his December 18, 2008 sentencing, Gruber addressed the court, and asserted that he had been "mischarged" with first-degree burglary because he had used a BB gun to commit the crime, and not a "loaded firearm." Sentencing Transcript (S. Tr.) 3:11-16, [Docket No. 11-1]. The court sentenced him to concurrent terms of imprisonment totaling six (6) years pursuant to the terms of the plea agreement. S. Tr. 5:1-17.

On December 30, 2008, Gruber moved to set aside his sentence pursuant to NEW YORK CRIMINAL PROCEDURE LAW (CPL) § 440.20. Resp't's Aff. ¶ 16; Ex. 4, Notice of Motion to Vacate Sentence, [Docket No. 11-1]. In substance, he argued that the court should not have

2

accepted his plea because, at the time of his arrest, he had stated that he "used a BB gun" to commit the offense, which gave rise to an affirmative defense to first-degree burglary and first-degree robbery. Resp't's Aff. ¶ 16; Ex. 4.[1] He claimed that he was not given an opportunity to recite the facts underlying the offense during the allocution, which prevented him from establishing an affirmative defense to first degree robbery and burglary, and that the court erred in not permitting him to withdraw his plea at sentencing. Resp't's Aff. ¶ 16; Ex. 4. On February 26, 2009, the trial court denied Gruber's motion as "both procedurally barred and meritless." Resp't's Aff. ¶ 21; Ex. 6, February 26, 2009 Order, [Docket No. 11-1]. Petitioner did not appeal the court's denial of his CPL § 440.20 motion. Resp't's Aff. ¶ 22.

On March 3, 2009, Gruber filed a motion in the Appellate Division, Second Department seeking leave to file a late notice of appeal and to reargue his prior motion, Resp't's Aff. ¶ 23, and claiming that he had filed a notice of appeal in the Appellate Division on December 19, 2008. Resp't's Aff. ¶ 23; Ex. 7, Notice of Appeal, [Docket No. 11-1]. On April 21, 2009, the Appellate Division denied the motion. Resp't's Aff. ¶ 25; Ex. 9, April 21, 2009 Decision and Order, [Docket No. 11-1].

On September 29, 2009, Gruber moved to reargue the denial of his motion seeking permission to file a late notice of appeal. Ex. 10, CPL § 460.30(1), (4) Motion, [Docket No. 11-1]. In substance, he alleged "improper conduct by a public servant," and ineffective assistance by defense counsel for failing to advise him of his right to appeal, and for failing to file a notice

---

[1] "[I]t is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged." NYPL § 140.30[4].

3

of appeal. *Id.* On December 21, 2009, the Appellate Division denied the motion. Resp't's Aff. ¶ 28; Ex. 12, December 21, 2009 Decision and Order, [Docket No. 11-1].

On June 2, 2010, Gruber moved for a second time to reargue his motion to file a late notice of appeal, again arguing that the trial court and counsel failed to advise him of his right to appeal. Resp't's Aff. ¶ 29; Ex. 13, Notice of Motion, [Docket No. 11-1]. On July 30, 2010, the Appellate Division again denied Gruber's motion. Resp't's Aff. ¶ 31; Ex. 15, Decision and Order dated July 30, 2010, [Docket No. 11-1].

In November 2010, Gruber moved a second time to vacate the judgment pursuant to CPL § 440.10 (second CPL § 440 Motion), asserting that counsel had failed to advise him of his right to appeal, falsely assured him that he would file a notice of appeal, failed to argue viable defenses, and pressured him to plead guilty. Resp't's Aff. ¶ 32; Ex. 16, Petitioner's Second CPL § 440 Motion, [Docket No. 11-1]. On March 2, 2011, the court denied the motion, holding that Gruber's claims were not properly raised in a a CPL § 440.10 motion, but further stated that if it were to reach the merits, it would also deny the motion on substantive grounds because counsel was effective in his representation, as evidenced by Gruber's favorable plea agreement and sentence. Ex. 18, Mar. 2, 2011 Decision and Order, [Docket No. 11-2].

Gruber sought leave to appeal from the denials of both his CPL § 440 motions. Resp't's Aff. ¶ 35. On July 1, 2011, Petitioner's application was denied. Ex. 19, July 1, 2011 Decision and Order, [Docket No. 11-2].

He sought a writ of error coram nobis, arguing that counsel was ineffective for failing to file a notice of appeal, and for failing to advise him of his appellate rights. Ex. 20, Writ of Error

Coram Nobis Application, [Docket No. 11-2]. This application was denied on January 4, 2012. Ex. 22, January 4, 2012 Decision and Order, [Docket No. 11-2].

On January 25, 2012, Gruber filed a third CPL § 440 motion to vacate judgment, and for *in camera* review of the grand jury minutes. Ex. 23, Petitioner's Third CPL § 440 Motion (third CPL § 440 motion), [Docket No. 11-2]. In this application, he asserted a violation of his Double Jeopardy rights based on the sentencing court's failure to merge the unlawful imprisonment count with the kidnapping count. *Id.* On April 30, 2012, the trial court denied Gruber's third CPL § 440 motion on procedural grounds, finding that he could have raised the issues in his prior two motions. Ex. 25, April 30, 2012 Decision and Order, [Docket No. 11-2]. He sought leave to appeal on May 23, 2012, which was denied on July 13, 2012. Resp't's Aff. ¶ 42; Ex. 26, Petitioner's Motion for Leave to Appeal, [Docket No. 11-2]. He filed this petition on September 4, 2012, and was subsequently released from custody on parole on December 28, 2012. Resp't's Aff. ¶ 51.

## II. DISCUSSION

The Court has construed Gruber's petition liberally and interpreted it "to raise the strongest arguments that [it] suggests[s]," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). He argues that his attorney was ineffective because he: (1) pressured him to plead guilty in spite of his viable "BB gun" affirmative defense; (2) did not advise him that by pleading guilty, he would lose the right to appeal; (3) falsely assured him that he would file a notice of appeal; and (4) failed to argue his "BB gun" defense to one of the first-degree burglary charges. Habeas Petition (Pet.) 6–7, 9a [Docket No. 1]. He further argues that (5) the trial court erred in accepting his guilty plea in light of this affirmative defense, and (6) that his conviction violated the Double

Jeopardy Clause because he was convicted for offenses which should have been merged. Pet. 6–7, 9–9a.

A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one (1)-year limitations period for habeas corpus petitions filed under Section 2254. 28 U.S.C. 2244(d)(1). The one (1)-year period begins to run on the latest of the following events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized
>
> by the Supreme Court, if the right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This one-(1)-year period is tolled while any "properly filed" state postconviction relief action is "pending." 28 U.S.C. § 2244(d)(2). "Properly filed" means "an application for state post-conviction relief recognized as such under governing state procedures." *Hizbullahankhamon v. Walker*, 255 F.3d 65, 70 (2d Cir. 2001). (citing *Bennett v. Artuz*, 199 F.3d 116, 123 (2d Cir. 1999)). And "a state-court petition [for post-conviction or other collateral review] is 'pending' from the time it is first filed until finally disposed of and further appellate

review is unavailable under the particular state's procedures.'" *Id.* (citing *Bennett*, 199 F.3d at 120). The filing of a motion to extend the time to appeal or to file a late notice of appeal does not "restart" the one (1)-year limitations period. *Bethea v. Girdich*, 293 F.3d 577, 578–79 (2d Cir. 2002) (per curiam).

The one (1)-year limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). However, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). A petitioner must also "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). If a petitioner did not exercise reasonable diligence after the extraordinary circumstances began, "the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003) (quoting *Hizbullahankhamon*, 255 F.3d at 75). Courts in this Circuit have consistently rejected claims of equitable tolling based on a prisoner's ignorance of the law or reliance on other inmates for assistance. *E.g., Hamilton v. Warden of Clinton Corr. Facility*, 573 F. Supp. 2d 779, 781 (S.D.N.Y. 2008) ("[Inmate] had ultimate responsibility for managing the preparation and timely filing of his habeas petition, and neither his entrusting some aspect of

it to another person, or his own ignorance of the filing deadlines, constitutes sufficient 'extraordinary circumstances' to warrant equitable tolling.") (citing *Doe v. Menefee*, 391 F.3d 147, 175, 177 (2d Cir. 2004); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001)).

The one-(1) year limitations period began to run on January 17, 2009, the date Gruber's conviction became final under 28 U.S.C. § 2244(d)(1)(A). *See* CPL § 460.10. Even tolling the limitations period during the pendency of Gruber's CPL § 440.20 and § 460.30 motions, the one (1)-year limitations period ended in October 2010.[2] Gruber mailed this application almost two (2) years later, on August 27, 2012, and filed it on September 4, 2012. As a review of the record indicates no basis to consider equitable tolling, 28 U.S.C. 2244(d)(1) bars Gruber's application as untimely.

B. Exhaustion and State Law Procedural Bars

Even if Gruber's application was not time-barred, his claims are unexhausted and procedurally barred. Specifically, Gruber failed to exhaust two of his claims that counsel pressured him to plead guilty; and failed to argue an affirmative defense.

Section 2254(b)(1) prevents a federal court from granting a writ unless the petitioner has "exhausted the remedies available in the courts of the State," "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." Moreover, the petitioner may not raise an issue "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 199 S. Ct. 1728. 1731, 144 L. Ed. 2d 1 (1999) ("In other words, the state prisoner must give the state courts an opportunity to

---

[2] On this point, the Court notes that the Second Circuit has expressed doubt as to whether CPL § 460.30 motions toll the limitations period. *Bethea v. Girdich*, 293 F.3d 577, 579 (2d Cir. 2002).

act on his claims before he presents those claims to a federal court in a habeas petition."). Exhaustion "requires that the prisoner 'fairly present' his constitutional claim to the state courts, which he accomplishes 'by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it.'" *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) (quoting *Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir. 2005)). Moreover, the petitioner must have presented the issues to the state court with sufficient specificity. *See Gray v. Netherland*, 518 U.S. 152, 153, 116 S. Ct. 2074, 2076, 135 L. Ed. 2d 457 (1996) (citations omitted) (holding that a general appeal to a "broad federal due process right" was insufficient to meet the exhaustion requirement without a "more particular analysis" of the specific claim based on the relevant constitutional law (citation omitted); *Jackson*, 763 F.3d at 133 ("[H]e must tender his claim 'in terms that are likely to alert the state courts to the claim's federal nature.'") (quoting *Carvajal v. Artus*, 663 F.3d 95, 104 (2d Cir. 2011)).

The factual basis for an ineffective assistance of counsel claim must, like other issues, be presented in state court and exhausted for the purposes of habeas review. *See Cornell v. Kirkpatrick*, 665 F.3d 369, 375 (2d Cir. 2011); *Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 191–92 (2d Cir. 1982). Ordinarily, "[t]o properly exhaust an ineffective assistance of counsel trial claim that relies on evidence outside the pretrial and trial record the petitioner must raise it as part of a motion to vacate judgment under CPL § 440.10 and then seek leave to appeal to the Appellate Division." *Anthoulis v. New York*, No. 11-CV-1908, 2012 U.S. Dist. LEXIS 7311, 2012 WL 194978, at *3 (citing *Sweet v. Bennett*, 353 F.3d 135, 140 (2d Cir. 2003)); *Caballero v. Keane*, 42 F.3d 738, 74-41 (2d Cir. 1994)). However, where, as here, the asserted deficient representation stems from failure to appeal, a petitioner must file for an writ of error

coram nobis. *See Taylor v. Scully*, 674 F. Supp. 462, 463 (S.D.N.Y. 1987); *People v. Syville*, 15 N.Y.3d 391, 397, 938 N.E.2d 910, 914 (2010). Raising an issue in a reargument motion is insufficient for exhaustion purposes. *See Clink v. Khulman*, No. 91-CV-3585, 1992 WL 189468, at *5 (E.D.N.Y. July 23, 1992).

Gruber's second CPL § 440 motion argued ineffective assistance of counsel. Resp't's Aff. ¶ 32; Ex. 16, Petitioner's Second CPL § 440 Motion, [Docket No. 11-1], at 11. He complained, among other things, that counsel coerced him to plead guilty, and failed to argue a viable defense to the charges. *Id.* These claims were dismissed on procedural grounds, and to date, no New York court has reached the merits of these claims. Resp't's Aff. ¶ 21; Ex. 6, February 26, 2009 Order, [Docket No. 11-1]. Consequently, these claims are unexhausted for federal habeas corpus purposes. *See, e.g., Murden v. Artuz*, 497 F.3d 178, 191 (2d Cir. 2007) (explaining that state court's ruling on the merits "in the alternative" did not satisfy federal habeas corpus exhaustion requirement); *see also People v. Corso*, 40 N.Y.2d 578, 580, 357 N.E.2d 357, 359 (1976) (explaining that a petitioner may move at any time to vacate judgment under CPL § 440.10).

Gruber did present counsel's failure to file a notice of appeal, and failure to advise him of his appellate rights in an application for a writ of error coram nobis. *See People v. Adams*, 624 N.E.2d 175, 175 (N.Y. 1993). Although these claims were exhausted, *cf. Hizbullahankhamon*, 255 F.3d at 71, his unexhausted ineffective assistance of counsel claims are meritless, and dismissed. *See Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535, 161 L. Ed. 2d 440 (2005) (holding that district court has discretion to dismiss petition containing both exhausted

and unexhausted claims where unexhausted claims lack merit and petitioner fails to show good cause for failure to exhaust).

Ineffective assistance of counsel claims require a showing of prejudice, which cannot be shown where the evidence of guilt is overwhelming, or where the outcome was favorable. *Lindstadt v. Keane*, 239 F.3d 191, 204 (2d Cir. 2001); *see Strickland v. Washington*, 466 U.S. 668, 669, 104 S. Ct. 2052, 2056, 80 L. Ed. 2d 674 (1984). Here, both Gruber and Andreoli gave detailed, corroborative confessions of their violent home invasion, for which they faced a maximum sentence of twenty-five (25) years' imprisonment. Resp't's Aff. ¶ 13, Ex. 1, Ex. 2. Counsel negotiated a plea agreement whereby Gruber served only six (6) years. S. Tr. 5:1-17. Given the overwhelming evidence of Gruber's guilt, and his favorable plea agreement, the Court would find his unexhausted ineffective assistance of counsel claims so meritless, that they do not constitute a bar to dismissal of his exhausted claims under *Rhines*, 544 U.S. at 278.

In addition, Gruber's claim that the trial court should not have accepted his plea, as well as his Double Jeopardy claim are procedurally barred. When a petitioner has failed to raise a claim in state court and a state procedural rule precludes them from raising it now, a federal court will not hear it under the doctrine of procedural default. *Coleman v. Thompson*, 501 U.S. 722, 731–32, 11 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Although these claims may satisfy the exhaustion requirement, a federal court will not revisit them because they have been or would be decided on independent and adequate state law grounds. *See Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008) (holding claims which were barred by CPL § 440.10(2)(c) for failure to raise them on direct appeal barred as procedurally defaulted); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991) (explaining that where appellate rule or other procedural rule "plainly bar[s]" claim,

federal court may treat claim as procedurally defaulted). The procedural bar applies even if the state court addressed the merits of the claim in the alternative. *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990); *Angeles v. Greiner*, 267 F. Supp. 2d 410, 416 (E.D.N.Y. 2003).

An exception arises when a petitioner demonstrates either (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Otherwise, the petitioner must show that a fundamental miscarriage of justice would result from a failure to hear the claim on the merits, i.e., "that he is actually innocent of the crime for which he has been convicted." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (citing *Schlup v. Delo*, 513 U.S. 298, 321, 115 S. Ct. 851, 864, 130 L. Ed. 2d 808 (1995)).

Here, Gruber first raised the issue of the trial court's allegedly erroneous acceptance of his guilty in his first CPL 440 motion, which he did not appeal, and therefore is therefore procedurally defaulted. *See Thomas v. Greiner*, 111 F. Supp. 2d 271, 276 (S.D.N.Y. 2000). Gruber raised his Double Jeopardy claim for the first time in his third CPL § 440 motion, which was denied on procedural grounds. This claim is also therefore procedurally defaulted. *Cf. Clark*, 510 F.3d at 393 (explaining that failure to raise issue on direct appeal as required by CPL § 440.10(2)(c) constitutes procedural default); CPL § 440.10(3)(c) ("Upon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so").

Gruber does not give any reason for these procedural defaults, and the record does not indicate any good cause. Moreover, Gruber will not suffer prejudice as a result of the Court's application of the doctrine of procedural default here because his defaulted claims lack merit.

See *Aparicio v. Artuz*, 269 F.3d 78, 91–92 (2d Cir. 2001) (explaining that court may look to merits of defaulted claims to determine whether prejudice excuses default). Even assuming, arguendo, that the trial court should not have accepted Gruber's guilty plea under CPL § 140.30[4] because he used a BB gun, this does not implicate a federal constitutional question. *See Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Likewise, Gruber's Double Jeopardy claim was waived because he failed to raise it prior to the entry of his judgment of conviction. *Aparicio*, 269 F.3d at 96 (citing *People v. LaRuffa*, 332 N.E.2d 312, 314 (N.Y. 1975)). Accordingly, these claims are procedurally barred.

### III. CONCLUSION

For the foregoing reasons, Gruber's petition under 28 U.S.C. § 2254 is DENIED. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to Gruber, and to mark this case CLOSED.

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: September 30, 2015
Central Islip, New York